IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY CRUZ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:21-cv-3135 ) ) |
| v. | ) Removal from the Circuit Court of ) Sangamon County, Illinois ) |
| EYEBUYDIRECT, INC., | ) Case No.: 2021L000066 ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant EyeBuyDirect, Inc. ("defendant") removes to the United States District Court for the Central District of Illinois, the civil action pending against it in the Circuit Court of Sangamon County, Illinois. In support of removal, defendant states as follows:

1. Plaintiff Sherry Cruz ("plaintiff") filed a two-count Biometric Information Privacy Act ("BIPA") putative class action ("Complaint") in the Circuit Court of Sangamon County, Illinois on April 19, 2021, entitled *Sherry Cruz, individually and on behalf of all similarly situated individuals v. EyeBuyDirect, Inc.,* Case No. 2021L000066 (the "State Court Action"). Plaintiff served the Summons and Complaint on defendant on May 19, 2021, although defendant waived service of summons on May 18, 2021.

2. Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**.

3. Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), which is the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil

action in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimal diversity). *See* 28 U.S.C. §1332(d). These requirements are all met.

4. This Notice of Removal is filed within 30 days of both the May 19 date that defendant was served and the May 18 date that it waived service of summons and is accordingly timely. 28 U.S.C. §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

## VENUE IS PROPER

5. The Circuit Court of Sangamon County, Illinois, is located within the United States District Court for the Central District of Illinois. 28 U.S.C. §93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET

6. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

7. Here, the Complaint pleads that plaintiff and each putative class member used defendant's "Virtual Try-On," which allegedly "functions by collecting, capturing, and using facial biometrics." (Exhibit A, Compl. ¶¶20-21, 50-51.) It alleges a BIPA class action on behalf of a putative class of "All persons who had their biometric identifiers, facial geometry, faceprints, or

facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action." (*Id.* ¶70.) Accordingly, this action is properly considered a "class action" under CAFA.

8.  The Complaint alleges that plaintiff is a citizen of Illinois and that defendant is a Texas corporation with its principal place of business in Texas. (Exhibit A, Compl., ¶¶1-2.) Thus, CAFA's minimal diversity requirement is met where plaintiff is a citizen of Illinois and defendant is a citizen of Texas. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

9.  The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA, as it "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6). Since plaintiff seeks $5,000 in statutory damages for *each* willful or reckless violation of BIPA, it is plausible that she seeks to recover that amount each time she or a putative class member used the "Virtual Try-On." If we assume one scan per individual x 1,000 individuals x $5,000 per alleged scan + attorneys' fees, the purported damages exceed $5,000,000 aggregated across the putative class. *See* Declaration of Elaine Wei, attached as Exhibit B, ¶¶4-5.) *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (Peatry's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members" used the fingerprint scanner).

10. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., ¶¶19, 101, Prayer for Relief (E) & (F).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing

properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

11. To be clear, defendant does not agree that plaintiff or the putative class is entitled to a "per scan" measure of damages under BIPA and continues to deny the validity and merit of plaintiff's BIPA claim. But, for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

12. Under CAFA, defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

**RESERVATION OF RIGHTS**

13. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby

expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

14. Under 28 U.S.C. §1446(d), defendant will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Sangamon County, Illinois.

**WHEREFORE**, defendant EyeBuyDirect, Inc., respectfully requests that this litigation be removed from the Circuit Court of Sangamon County, Illinois, to the United States District Court for the Central District of Illinois.

Dated:    June 17, 2021

Respectfully submitted,

By:    /s/ Anne E. Larson
       One of the Attorneys for Defendant
       EyeBuyDirect, Inc.

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:    312.558.1220
Facsimile:    312.807.3619
*anne.larson@ogletree.com*

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on June 17, 2021, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

>Brandon M. Wise
>Peiffer Wolf Carr Kane & Conway, LLP
>818 Lafayette Ave., Floor 2
>St. Louis, MO 63104
>*bwise@peifferwolf.com*
>
>Aaron Sin
>Mason Barney
>Siri & Glimstad LLP
>200 Park Avenue, 17th Floor
>New York, NY 10166
>*aaron@sirillp.com*
>*mbarney@sirillp.com*
>
>***Attorneys for Plaintiff***

                            /s/ Anne E. Larson
                            One of the Attorneys for Defendant

47245609.2